# Order

**Michigan Supreme Court**
**Lansing, Michigan**

June 4, 2010

137451

MICHIGAN EDUCATION ASSOCIATION,
      Plaintiff-Appellant,

v

SECRETARY OF STATE,
      Defendant-Appellee.

_____/

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

SC: 137451
COA: 280792
Ingham CC: 06-001537-AA

On November 5, 2009, the Court heard oral argument on the application for leave to appeal the August 28, 2008 judgment of the Court of Appeals. On order of the Court, the application is again considered, and it is GRANTED. The parties shall include among the issues to be briefed the effect, if any, of *Citizens United v Federal Election Commission*, 558 US ___; 130 S Ct 876; 175 L Ed 2d 753 (2010), on this case.

      MARKMAN, J. (*dissenting*).

      I would not grant leave to appeal, and I therefore dissent. To the best of my recollection, this is the first occasion on which I have ever dissented to an order to grant leave to appeal. The Court of Appeals issued its decision in this case on August 28, 2008, this Court entered an order scheduling oral argument on the application on May 8, 2009, and oral arguments were heard on November 5, 2009. Now 6 ½ months after hearing oral arguments on the application, the majority grants leave to appeal. The only fig leaf of an excuse for doing this is a request that the parties should now brief the impact of *Citizens United v Federal Election Commission*, 558 US ___; 130 S Ct 876; 175 L Ed 2d 753 (2010), a case decided by the United States Supreme Court more than four months ago and bearing no discernible connection to the instant case.

      Unlike *Citizens United*, the issues in this case have nothing to do with corporate free speech, nothing to do with labor union free speech, nothing to do with the Federal Election Campaign Act, nothing to do with Federal Election Commission rules or regulations, and indeed nothing to do with campaign speech or the First Amendment. In short, it has nothing to do with anything involved in *Citizens United*. Instead, it involves

only whether § 57 of the Michigan Campaign Finance Act bars a school district from administering a payroll deduction plan for a political action committee.

Indeed, neither party itself has suggested that this case is affected in any way by *Citizens United*, nor sought any opportunity to file a supplemental brief. Yet suddenly it is necessary that this Court delay resolution of this case for what will be a minimum of seven or eight additional months, on top of the six or seven months that have already passed since oral argument. I am aware of no previous instance in which this Court has held arguments on an application, taken no action in response to such arguments for more than six months, and then granted leave to appeal late during that term, ensuring that such case will not be further considered during that term and that a decision will not be forthcoming until, at the earliest, the beginning of the second calendar year, 2011, after arguments were initially heard. This, with regard to a case that may affect the administrative processes of every school district across this state.

This Court has been presented with substantial briefs from each party. Each party has filed an original and supplemental brief, four amicus briefs have been filed, and oral argument has taken place that lasted well beyond the normal time allotted for such argument. We have heard from the Secretary of State, the Attorney General, the Michigan AFL-CIO, the Chamber of Commerce, the Michigan State Employee's Association, and the Mackinac Center, with a supplemental brief filed by the AFL-CIO and two supplemental briefs filed by the Chamber of Commerce. This case involves a straightforward matter of *statutory* interpretation, and no justice has identified to any of the parties at oral argument, or at any later juncture, any aspect of this case that has not been thoroughly addressed.

To grant leave to appeal under these circumstances constitutes an utter waste of judicial resources, imposes an altogether unnecessary expense upon the parties, and unconscionably delays resolution of an important dispute of statewide importance for no proper reason. What accounts for, and justifies, this delay? What is taking place here is an abuse of the judicial process, and the majority owes considerably more explanation for its actions than it has given.

CORRIGAN AND YOUNG, JJ., join the statement of MARKMAN, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

June 4, 2010

_Corbin R. Davis_
Clerk

p0601